FILED
JAMES J. VILT, JR. - CLERK

OCT - 4 2022

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTCKY

JONAS SOSA SR.
**Plaintiff**

No. ___3:22CV528 DJH___

vs.

**COMPLAINT FOR FRAUD,**
**DENIAL OF DUE PROCESS & EQUAL PROTECTION OF THE LAW,**
**FEDERAL LAW VIOLATIONS,**
**DEFAMATION,**
**And NEGLIGENT MISREPRESENTATION**

INNWOOD CONDOMINIUMS PROPERTY
OWNERS ASSOCIATION, INC.

ATTORNEY ROBERT W. DEWEES III

LAW FIRM of MCCLAIN DEWEES, PLLC

ATTORNEY CHRISTOPHER D. SNEAD

ATTORNEY CURT L. SITLINGER

LAW FIRM of SITLINGER & THEILER

JUDGE MITCHELL PERRY

JUDGE JENNIFER LEISBON

JUDGE ANNE DELAHANTY

MASTER COMMISSIONER CAROLE C. SCHNEIDER

KENTUCKY ATTORNEY GENERAL DANIEL J. CAMERON
       **Defendant[s]**

**JURY TRIAL REQUESTED**

### INTRODUCTION

Pursuant to Title III – Pleadings and Motions (Rules 7-16) General Rules of Pleading, Rule 8 (e) **Construing Pleadings**, Plaintiff respectfully asserts this pleading has been construed with the intent to do justice.

Plaintiff alleges against each and every defendant:

### PAGE 1 of 9

## FIRST CAUSE OF ACTION
### [*FRAUD*]

### Jurisdiction

1. The action arises under [the Constitution of the United States, Article VII]; [the fourteenth (14th) Amendment to the Constitution of the United States, Section I]; 15 U.S. Code Subchapter V [**DEBT COLLECTION PRACTICES**] *as amended by Public Law 111-203, title X, 124 Stat. 2092 (2010)*, also known and referred to as the **Federal Fair Debt Collection Practices Act of 1977** (*FDCPA*) §§ 1692-1692p., as herein may fully appear.

This court has subject matter jurisdiction of this matter as the primary and/or asserted issues are violations of the United States Constitution and/or Federal Law.

2. Plaintiff is, and was at all times herein mentioned, domiciled in and a citizen of the Commonwealth of Kentucky.

3. Defendant[s] **INNWOOD CONDOMINIUM PROPERTY OWNERS ASSOCIATION, INC.** is/are believed to have at all times herein mentioned, a homeowners association operating pursuant to the **KENTUCKY CONDOMINIUM ACT [KRS 381.9101 to 381.9207]**.

4. Defendant **ROBERT W. DEWEES III, CHRISTOPHER D. SNEAD & CURT L. SITLINGER** is/are believed to have been at all times herein mentioned [a] licensed Attorney[s] of the Commonwealth of Kentucky.

5. Defendant[s] **MCCLAIN DEWESS, PLLC** and **SITLINGER & THEILER** is/are believed to have been at all times herein mentioned, [a] law firm[s] licensed by the Commonwealth of Kentucky in the practice of law.

6. Defendant[s] **MITCHELL PERRY, JENNIFER LEISBON & ANNE DELAHANTY** is/are believed to have been at all times herein mentioned, [an] elected and/or appointed Circuit and/or District Court Judge[s] for the Commonwealth of Kentucky, County of Jefferson.

**PAGE 2 of 9**

7. Defendant **CAROLE C. SCHNEIDER**, is believed to have been at all times herein mentioned, the appointed **JEFFERSON COUNTY MASTER COMMISSIONER**.

8. Defendant **KENTUCKY ATTORNEY GENERAL DANIEL J. CAMERON** is believed to have been at all times herein mentioned, the duly elected Commonwealth of Kentucky Attorney General.

10. During various electronic exchanges and Court proceedings from 2015 thru 2022, **FRAUD** was perpetrated upon and by the Court, within the Jefferson County Judicial System, in the City of Louisville, Kentucky, by Officers of the Court; Plaintiff, a Pro Se Litigant, became the target of said **FRAUD**, subjected to conduct evident of *bias* and *discrimination*, directed at his *Pro Se Litigant* status;

11. Defendant[s] demonstrated a concerted effort to discourage and dissuade this Plaintiff/Pro Se Litigant, from appearing in Court and/or of having an opportunity at justice, without a licensed attorney; the stated Causes of Action of *FRAUD*, *DENIAL* of *DUE PROCESS* and *EQUAL PROTECTION* of the *LAW*, *DEFAMATION*, *FEDERAL LAW & U.S. SUPREME COURT CASE LAW Violations*, and *NEGLIGENT MISREPRESENTATION*, included but were **NOT** limited to the *suppression of evidence, obstruction of justice, discrimination, retaliation, denied freedom of expression, judicial misconduct* and *manipulation* of the Court and the Law…as evidenced in the documented records of Court Proceedings, Pleadings, Rulings, Orders, and Hearings.

## FIRST [1st] CAUSE OF ACTION
### [*FRAUD*]

12. During scheduled Court appearances from 2019 thru 2022, within the Jefferson County Judicial System, located in the City of Louisville, Kentucky, Defendant[s], **INNWOOD CONDOMINIUMS PROPERTY OWNERS ASSOCIATION, INC., MCCLAIN DEWEES, PLLC, ROBERT W. DEWEES III, SITLINGER & THEILER, CHRISTOPHER D. SNEAD** and **CURT L. SITLINGER**, made the following false and fraudulent representations of this Plaintiff: [*1*] That he was responsible for unpaid and/or past due debts; and/or [*2*] that he failed to comply with a Court Order.

13. Defendant[s], at the time said false and fraudulent representations were made, knew them to be false; yet proceeded to perpetuate a **FRAUD** upon Plaintiff and the Jefferson County Judicial System, located in the City of Louisville, Kentucky, processing and pursuing said **FRAUD**, as evidenced by Court records which document their unethical attempts to violate the law and/or manipulate the Court.

14. Throughout subsequent pleadings, judicial proceedings and hearings, the false and fraudulent representations made by Defendant[s] **INNWOOD CONDOMINIUMS PROPERTY OWNERS ASSOCIATION, INC.,** assisted by third-party debt collection Defendant[s] Attorney[s] **MCCLAIN DEWEES, PLLC, & ROBERT W. DEWEES III,** were made with the intent to defraud and deceive Plaintiff, into paying a fabricated, unsubstantiated and unverified alleged debt, and/or to deprive him of his rental properties by way of a foreclosure action.

15. Defendant[s] knowingly violated the **United States Supreme Court Doctrine of Fraud**; and repeatedly employed abusive, unfair and deceptive debt collection practices in violating several _**mandates**_ of the _**governing**_ **Federal Fair Debt Collection Practices Act of 1977** (aka **FDCPA**)…which _**governs**_ the conduct of third-party debt collectors, and_**prohibits**_ _**abusive**_, _**unfair**_, or _**deceptive practices**_ when attempting to collect a debt…in that the Commonwealth of Kentucky has **NOT** enacted specific laws governing debt collection practices, Plaintiff is protected by the **Federal Fair Debt Collection Practices Act of 1977** (aka **FDCPA**).

16. By reason of the facts alleged, Plaintiff has been damaged in the approximate sum of $500,000.

**SECOND [2th] CAUSE OF ACTION**
**[_DENIED DUE PROCESS & EQUAL PROTECTION OF THE LAW_]**

17. This Plaintiff/Pro Se Litigant alleges and incorporates by reference the allegations of paragraphs 1 through 8 above in their entirety.

18. During various Judicial proceedings from 2019 thru 2022, in the Jefferson County Judicial System, located in the City of Louisville, Kentucky, Defendant[s] **JUDGE[S] MITCHELL**

**PAGE 4 of 9**

**PERRY, JENNIFER LEISBON,** and **ANNE DELAHANTY,** compromised this Pro Se Litigant an opportunity at justice…and denied his right to *Due Process and Equal Protection of the Law.*

19. Defendant **MASTER COMMISSIONER CAROLE C. SCHNEIDER**…an extension of Defendant **JUDGE MITCHELL PERRY**…is the County's designated **Master Commissioner** in accordance with **KENTUCKY REVISED STATUTUES [KRS] 31A.010;** the **Quasi-Judicial** position is appointed by the County's Circuit Court Judge(s), and is tasked with a primary duty to conduct and complete foreclosure sales.

20. Defendant[s], as named in paragraph[s] 18 & 19 above, opted to accept on face value, those false and fraudulent representations by named Defendant[s] and/or Attorney[s]; then repeatedly **SUPPRESSED** and *refused* to take **JUDICIAL NOTICE** of Pro Se Litigant's timely filed evidence, which clarifies the deceit of those false and fraudulent representations identified in Plaintiff's **FIRST [1ˢᵗ] CAUSE OF ACTION [*FRAUD*].**

21. Defendant[s] knowingly disregarded the U.S. Supreme Court Doctrine on **FRAUD,** and its corresponding case law in the UNITED STATES v. THROCKMORTON [98 U.S. 61, 25 L.Ed. 93, October Term, 1878], wherein the U.S. Supreme Court found that **rulings obtained by fraud, are null and void** stating, "*There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments.*"

22. With no statute of limitations on rulings obtained by **FRAUD,** the doctrine transcends all areas and specialties of law; and made clear that any **FRAUD** perpetrated by officers of the Court is a dangerous practice which is **NOT** allowed…effectively invalidating related rulings; as such, the **FRAUD,** knowingly perpetrated by Defendant[s], compromised this Pro Se Litigant's opportunity at justice…and denied his right to *Due Process* and *Equal Protection* of the *Law.*

23. Defendant[s]' **SUPPRESSION** of the Pro Se Litigant's timely filed evidence: [*1*] reflected their **BIAS, DISCRIMINATION** and **RETALIATION** of his Pro Se Status; [*2*] was intended to discourage and dissuade him from appearing before them without a licensed Attorney; [*3*] *aided* and *abetted* in the **FRAUD** perpetrated upon and by the Court; [*4*] *nullified* their *capacity*

to issue an *objective, fair* or *just ruling/decision/order*; and *[5]* compromised this Pro Se Litigant an opportunity at justice…and denied his right to *Due Process and Equal Protection of the Law*.

24. By reason of the facts alleged, Plaintiff has been damaged in the approximate sum of $500,000.

## THIRD [3RD] CAUSE OF ACTION
## *[FEDERAL LAW VIOLATION(S)]*

29. This Plaintiff/Pro Se Litigant alleges and incorporates by reference the allegations of paragraphs 1 through 8 above in their entirety.

30. During various Judicial proceedings from 2019 thru 2022, in the Jefferson County Judicial System, located in the City of Louisville, Kentucky, the individual and/or combined conduct of Defendant[s] **INNWOOD CONDOMINIUMS PROPERTY OWNERS ASSOCIATION, INC., MCCLAIN DEWEES, PLLC, & ROBERT W. DEWEES III, SITLINGER & THEILER, CHRISTOPHER D. SNEAD, CURT L. SITLINGER, JUDGE[S] MITCHELL PERRY, JENNIFER LEISBON, ANNE DELAHANTY** and **MASTER COMMISSIONER CAROLE C. SCHNEIDER**, demonstrated their disregard of U.S. Supreme Court Case Law and/or Federal Debt Collection Laws.

31. Defendant[s] refused to acknowledge the U.S. Supreme Court Doctrine on **FRAUD** and corresponding case law; in the UNITED STATES v. THROCKMORTON [98 U.S. 61, 25 L.Ed. 93, October Term, 1878], the U.S. Supreme Court found that **rulings obtained by fraud, are null** and **void** stating, "*There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments.*"

32. Defendant[s], specifically **INNWOOD CONDOMINIUMS PROPERTY OWNERS ASSOCIATION, INC., MCCLAIN DEWEES, PLLC, & ROBERT W. DEWEES III, JUDGE MITCHELL PERRY, and MASTER COMMISSIONER CAROLE C. SCHNEIDER**, subjected Plaintiff to *abusive*, *unfair*, and/or *deceptive practices*, in violation of several *mandates* of the **Federal Fair Debt Collection Practices Act of 1977** (aka *FDCPA*); knowing the Commonwealth of Kentucky has **NOT** enacted specific laws governing debt

**PAGE 6 of 9**

collection practices, Defendant[s] continue their unlawful attempt[s] to collect on an alleged debt which they still have **NOT** validated…remains unverified…and therefore **PROHIBITED**.

33. By reason of the facts alleged, Plaintiff has been damaged in the approximate sum of $500,000.

**FOURTH [4[th]] CAUSE OF ACTION**
**[*DEFAMATION*]**

25. This Plaintiff/Pro Se Litigant alleges and incorporates by reference the allegations of paragraphs 1 through 8 above in their entirety.

26. During various Judicial proceedings from 2019 thru 2022, in the Jefferson County Judicial System, located in the City of Louisville, Kentucky, the individual and/or combined conduct of Defendant[s], **INNWOOD CONDOMINIUMS PROPERTY OWNERS ASSOCIATION, INC., MCCLAIN DEWEES, PLLC, ROBERT W. DEWEES III, SITLINGER & THEILER, CHRISTOPHER D. SNEAD, CURT L. SITLINGER, JUDGE[S] MITCHELL PERRY, JENNIFER LEISBON, ANNE DELAHANTY** and **MASTER COMMISSIONER CAROLE C. SCHNEIDER**, damaged the reputation of this Plaintiff/Pro Se Litigant, causing his **DEFAMATION**.

27. Defendant[s], as Officers of the Court perpetrating their individual and combined **FRAUD** and denied **DUE PROCESS** and **EQUAL PROTECTION** of the **LAW**, knew their conduct would be detrimental to, and harm the current and future reputation of this Plaintiff/Pro Se Litigant, in the mindset of several individuals, which includes but is not limited to: [*1*] family and friends; [*2*] the eyes of his tenants; [*3*] other Condominium Co-Owners; [*4*] represented clients; [*5*] appointed mediator[s]; [*6*] the Defendant[s] himself/herself/themselves; [*7*] business colleagues; [*8*] other consulted attorneys, elected officials, and/or state and federal government agencies, in seeking assistance in the exposure and deterrence of the **FRAUD** identified in Plaintiff's **FIRST [1[st]] CAUSE OF ACTION [*FRAUD*]**.

28. By reason of the facts alleged, Plaintiff has been damaged in the approximate sum of $500,000.

**PAGE 7 of 9**

## FIFTH [5TH] CAUSE OF ACTION
### [*NEGLIGENT MISREPRESENTATION*]

35. This Plaintiff/Pro Se Litigant alleges and incorporates by reference the allegations of paragraphs 1 through 8 above in their entirety.

36. Commencing on or about October 2021 and to date, in the City of Lexington, Kentucky, **DEFENDANT KENTUCKY ATTORNEY GENERAL DANIEL J. CAMERON** was, and has been made aware of the **FRAUD**, denied **DUE PROCESS** and **EQUAL PROTECTION** of the **LAW, DEFAMATION, & FEDERAL LAW VIOLATIONS**, perpetrated on and by the Court, by Officers of the Court, against this Plaintiff/Pro Se Litigant.

37. **DEFENDANT KENTUCKY ATTORNEY GENERAL DANIEL J. CAMERON** reflects on his website, that he and his administration is/are committed to defending the laws of the Commonwealth and protecting all Kentuckians...quote: "*A Cameron Administration means that victims – not criminals – get our priority.*"

38. Plaintiff, in reliance of the internet website, in-person visits, correspondence, telephonic and electronic communication exchanges, believed the Defendant and/or his Office, would take action to deter and/or prevent the unlawful conduct reflected in the above Four [4] Causes of Action, as perpetrated upon the Court...by Officers of the Court.

39. In that the other named Defendant[s] have continued their **FRAUDULENT** conduct, and Plaintiff has **NOT** been made aware of any action by **DEFENDANT KENTUCKY ATTORNEY GENERAL DANIEL J. CAMERON** to protect and/or make this Kentucky citizen a "*priority*" of the administration, Plaintiff believes Defendant is liable of **NEGLIGENT MISREPRESENTATION**...also aiding & abetting those named Defendant[s] in Causes of Action one [1] thru four [4] of this complaint.

40. By reason of the facts alleged, Plaintiff has been damaged in the approximate sum of $500,000.

**PAGE 8 of 9**

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

On the first cause of action:
1. For judgment in the sum of $500,000.
2. For punitive damages in the sum of $50,000,000.00.
3. For costs of suit.
4. For such other relief as the Court deems just.

On the second cause of action:
1. For judgment in the sum of $500,000.
2. For punitive damages in the sum of $50,000,000.00.
3. For costs of suit.
4. For such other relief as the Court deems just.

On the third cause of action:
1. For judgment in the sum of $500,000.
2. For punitive damages in the sum of $50,000,000.00.
3. For costs of suit.
4. For such other relief as the Court deems just.

On the fourth cause of action:
1. For judgment in the sum of $500,000.
2. For punitive damages in the sum of $50,000,000.00.
3. For costs of suit.
4. For such other relief as the Court deems just.

On the fifth cause of action:
1. For judgment in the sum of $500,000.
2. For punitive damages in the sum of $50,000,000.00.
3. For costs of suit.
4. For such other relief as the Court deems just.

Dated: October 4, 2022        By: _____

Jonas Sosa Sr.
Pro Se Litigant
10409 Saint Roche Drive
Louisville, KY 40299
502-386-2870

**PAGE 9 of 9**